O

# United States District Court
# Central District of California

| | |
|---|---|
| BRIGHAM FIELD et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>GENOVA CAPITAL INC., et al.,<br><br>        Defendants. | Case No. 2:20-cv-09563-ODW-(JCx)<br><br>**ORDER DENYING EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [7]** |

## I. INTRODUCTION AND BACKGROUND

Plaintiffs Colette Pelissier and Brigham Field currently reside in a rental home in Henderson, Nevada, but purchased their beach-front Malibu home located at 11802 Ellice St., Malibu ("Property") in 2013. (*See* Emergency Ex Parte Appl. for TRO ("Appl.") 7, ECF No. 7.) Over the years, there have been various deeds of trust ("DOT") on the property. (*Id.*) According to Plaintiffs, Defendant Genova Capital, Inc. ("Genova") first recorded a deed of trust against the Property in December 2016 on a $2,500,000 note. (*Id.* at 8.) Plaintiffs contend Genova recorded another deed of trust on the Property in March 2019. (*Id.*)

Genova foreclosed on the Property in August 2019 pursuant to the 2019 DOT, and Plaintiffs filed an action in the Ventura County Superior Court for wrongful foreclosure and to quiet title. (*Id.*) On August 28, 2019, Genova filed an unlawful

detainer action against Plaintiffs in the Ventura County Superior Court. (*Id.*) In November 2019 there was a trial in the unlawful detainer action. (*Id.* at 9.) In the unlawful detainer action, the court found that there were irregularities in the foreclosure sale sufficient to deny Genova possession of the property, but that the issues of rightful possession and whether Genova's tender was unconditional would be better addressed in a quiet title action. (*Id.* Ex. 6 at 11–12.) Genova appealed that decision. (*Id.* at 9.)

In April 2020, while the unlawful detainer appeal and quiet title actions were still pending, Genova recorded a notice of foreclosure sale. (*Id.*) Subsequently, Plaintiffs filed for bankruptcy in the United States Bankruptcy Court for the Central District of California, Case No. 9:20-bk-10622-DS ("Bankruptcy Action"). (*Id.*) On September 15, 2020, Genova filed a motion for relief from stay in the Bankruptcy Action to pursue its foreclosure under the DOT. (*Id.*) On October 7, 2020, the Bankruptcy Court granted Genova's motion, giving them leave to foreclose on the Property. (*Id.* at 10.)

Plaintiffs contend that on October 16, 2020, Defendants Genova Capital, Inc. and California TD Specialists (collectively "Defendants") informed them for the first time of the foreclosure sale on the Property, scheduled for October 21, 2020, at 11:00 a.m. (*See* Decl. of David E. Rosen ("Rosen Decl.") ¶ 9, ECF No. 7.)

On October 19, 2020, Plaintiffs filed a Complaint in the Superior Court of California, County of Ventura ("State Court Action"). (Notice of Removal ("Removal") ¶¶ 1, 10, Ex. 1 ("Compl."), ECF No. 1.) Plaintiffs contend Defendants' efforts to foreclose on the Property are improper. (Compl. ¶¶ 23–40.) In the Complaint, Plaintiffs assert three causes of action against Defendants for: (1) relief pursuant to California Civil Code section 2924.17; (2) declaratory relief; and (3) breach of covenant of good faith and fair dealing. (*Id.*)

On October 19, 2020, Plaintiffs also filed an ex parte application for a temporary restraining order in the State Court Action. (Rosen Decl. ¶ 11.) Later that

day, Defendants removed the State Court Action to federal court, asserting federal question jurisdiction. (Removal.)

On October 20, 2020, Plaintiffs filed the present Application. (*See* Appl. 5.) Defendants filed an Opposition and Request for Judicial Notice.[1] (Opp'n Appl., ECF No. 12; Req. Judicial Notice ISO Opp'n ("RJN"), ECF 13.) For the reasons to follow, the Court **DENIES** Plaintiffs' Application.

## II. LEGAL STANDARD

A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008); *see Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (discussing that plaintiffs "face a difficult task in proving that they are entitled to this 'extraordinary remedy'"). The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, a plaintiff must establish the "*Winter*" factors: (1) "he is likely to succeed on the merits"; (2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." *Am.*

---

[1] Both sides refer to various documents filed in state court actions. (*See, e.g.*, Appl. Ex. 6.) A court may take judicial notice of court filings and other matters of public record. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that a court may take judicial notice of "undisputed matters of public record"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings); *see also United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting judicial notice of proceedings in other courts is proper "if those proceedings have a direct relation to matters at issue."). Here, the Court takes judicial notice of filings that fall within the aforementioned categories. Fed. R. Evid. 201(c)(1). The Court does not, however, take judicial notice of reasonably disputed facts in the judicially noticed documents. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

*Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

In the Ninth Circuit, the *Winter* factors may be evaluated on a sliding scale: "serious questions going to the merits, and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted). "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

### III.   DISCUSSION

Plaintiffs have not demonstrated through clear and convincing evidence the likelihood of immediate irreparable harm absent the TRO. "[A] party is not entitled to a preliminary injunction unless he or she can demonstrate more than simply damages of a pecuniary nature." *Regents of Univ. of Cal. v. Am. Broad. Cos.*, 747 F.2d 511, 519 (9th Cir. 1984). "The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." *Colorado River Indian Tribes v. Town of Parker*, 776 F.2d 846, 850 (9th Cir. 1985) (citation omitted). Even under the sliding scale approach, a plaintiff must still show a likelihood of irreparable injury. *See All. for the Wild Rockies*, 632 F.3d at 1135 ("'[S]erious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, *so long as the plaintiff also shows that there is a likelihood of irreparable injury* and that the injunction is in the public interest.") (emphasis added).

First, the alleged harm is not irreparable. Under certain circumstances, foreclosure may constitute irreparable harm. *Mandrigues v. World Sav., Inc.*, No. C

07-4497 JF (RS), 2009 WL 160213, at *3 (N.D. Cal. Jan. 20, 2009). However, where the facts demonstrate the property that is the subject of the foreclosure is not the moving party's primary residence, and merely a rental property, courts have held there is no irreparable injury. *See, e.g.*, *Aniel v. Aurora Loan Servs. LLC*, No. C10-01042 JSW, 2010 WL 963206, at *3 (N.D. Cal. Mar. 16, 2010) ("[T]he Property is not Plaintiffs' primary residence. Indeed, according to the record it is one of several rental properties that Plaintiffs own.").

Here, the Property is not Plaintiffs' primary residence—Plaintiffs currently reside in an 8,000 square foot, $12,000.00 per month, rental property in Nevada. (*See* Decl. of Colette Pelissier ("Pelissier Decl.") ¶ 2, ECF No. 7; *see also* RJN Ex. 10.) Indeed, in recent filings in the Bankruptcy Action, Plaintiffs suggested renting out the Property for $25,000 per month to bring in additional income. (RJN Ex 10.)

Importantly, Plaintiffs have not put forth any argument or evidence that the alleged injury is not compensable in money damages. (*See generally* Appl.) Plaintiffs' very own argument that the Property could be used as a rental home for additional income demonstrates the Property is at most an asset to Plaintiffs, and "monetary injury is not normally considered irreparable." *See L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980).

Second, the harm is not "imminent." Although at first glance, it appears that the harm is imminent given that Plaintiffs filed their Application the day before the foreclosure sale, the foreclosure sale was initially noticed months ago, on April 17, 2020. (*See* Opp'n 1; RJN Ex. 1.) Moreover, Plaintiffs have known about the Defendants' attempt to foreclose on the Property since at least 2019, as evidenced by Plaintiffs filing the Bankruptcy Action the day before that sale. (*See* Opp'n 5; *see also id.* at 2 ("[D]ebtors bear the responsibility to remain informed about the status of their property that has been put into foreclosure prior to the commencement of their bankruptcy." (citing *Tully v. World Savings & Loan Ass'n*, 56 Cal. App. 4th 654, 664 (1997)).) Nevertheless, Plaintiffs did not seek injunctive relief until October 2020.

In sum, Plaintiffs have not put forth any argument as to why their delay in bringing this Application is excusable, or how this emergency was not self-created. *See e.g.*, *Stormwater Sys., Inc. v. Reitmeyer,* No. 2:14-CV-0472-MCE-CKD, 2014 WL 6775249, at *4 (E.D. Cal. Dec. 1, 2014) (finding that "Plaintiffs' delay militates against the showing of imminent and irreparable harm.").

Even under the sliding scale approach, a plaintiff must still show a likelihood of irreparable injury. *See All. for the Wild Rockies*, 632 F.3d at 1135. As Plaintiffs fail to do so here, they have not established they are entitled to a temporary restraining order.

### IV.   CONCLUSION

For at least the foregoing reasons, the Court finds that Plaintiffs have not satisfied the difficult task to establish that they are entitled to the extraordinary remedy of a temporary restraining order or preliminary injunction. Accordingly, the Court **DENIES** Plaintiffs' Application. (ECF No. 7.)

**IT IS SO ORDERED.**

October 21, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**