O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| BRIGHAM FIELD et al., <br><br> Plaintiffs, <br><br> v. <br><br> GENOVA CAPITAL, INC. et al., <br><br> Defendants. | Case No. 2:20-cv-09563-ODW-(JCx) <br><br> **ORDER REMANDING CASE TO STATE COURT** |

## I.   INTRODUCTION

On October 19, 2020, Plaintiffs Colette Pelissier and Brigham Field filed a Complaint in the Superior Court of California, County of Ventura ("State Court Action"). (Notice of Removal ("Removal") ¶¶ 1, 10, Ex. 1 ("Compl."), ECF No. 1.) Plaintiffs contend Defendants Genova Capital, Inc. and California TD Specialists' ("Defendants") efforts to foreclose on their beach-front Malibu home are improper. (Compl. ¶¶ 23–40.)  In the Complaint, Plaintiffs assert three claims for (1) relief pursuant to California Civil Code section 2924.17; (2) declaratory relief; and (3) breach of the covenant of good faith and fair dealing. (*Id.*)  On October 19, 2020, Defendants removed the State Court Action to federal court, asserting federal question jurisdiction. (Removal ¶ 6.)

From a review of the Notice of Removal and the state court records provided, it is evident that the Court lacks subject matter jurisdiction over the instant case. Accordingly, the Court *sua sponte* **REMANDS**[1] this action to the California Superior Court for the County of Ventura for the lack of subject matter jurisdiction, as set forth below.[2]

## II.  LEGAL STANDARD

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 280 (1918)).  Generally, where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction.  *Id.*; *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a); *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013).  The removing defendant bears the burden of establishing federal jurisdiction.  *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006); *Gaus*, 980 F.2d at 566–67.  "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Prot.*, 537 U.S. at 33.  Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction."  *Kelton Arms Condo. Owners Ass'n v.*

---

[1] In light of the Court's determination that it lacks subject matter jurisdiction over this matter, the Court vacates the Order Denying Plaintiffs' Emergency Ex Parte Application for Temporary Restraining Order and Preliminary Injunction.  (ECF No. 16.)

[2] After carefully considering the Notice of Removal, the Court deems the matter appropriate for *sua sponte* decision.  *United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

*Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

### III.   DISCUSSION

Although Defendants purported to remove based on federal question jurisdiction, they fail to identify any basis for such subject matter jurisdiction. To begin, the Complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Plaintiffs' Complaint asserts claims for (1) relief pursuant to California Civil Code section 2924.17; (2) declaratory relief; and (3) breach of the covenant of good faith and fair dealing. (Compl. ¶¶ 23–40.) Although none of Plaintiffs' claims affirmatively allege a violation of federal law, Defendants contend that because allegations in Plaintiffs' Complaint appear to accuse Defendants of violating federal statutes, Plaintiffs' claims necessarily "require resolution of questions of federal law." (Removal ¶ 3.)

The Court disagrees. "[A] case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 2 (2003). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Rather, a state law claim is subject to federal jurisdiction when a federal issue is necessarily raised if it is "basic," "necessary," "pivotal," "direct," or "essential" to the claim. *Id.* at 1045–46; *see also Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) ("[T]he mere reference of

a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists.").

Here, Plaintiffs have not affirmatively alleged any federal law claims (*see generally* Complaint), and Defendants have not demonstrated any purported federal law issues are necessary or essential Plaintiffs' claims. *See Lippitt*, 478 U.S. at 808. Plaintiffs have asserted only claims arising under state law and for declaratory relief. (*See* Compl. ¶¶ 23–40.) Plaintiffs' first state law claim is brought under California Civil Code section 2924.17, a state statute that requires certain documents filed by the mortgage servicer be accurate and complete. (Compl. ¶¶ 23–28.)

Plaintiffs' second claim for breach of the covenant of good faith and fair dealing (Complaint ¶¶ 37–40), is also a state law claim. *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) ("Under California law, every contract 'imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.'" (quoting *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 796 (2008))); *see also* Judicial Council of California Civil Jury Instruction 325.

Moreover, no federal question is presented by Plaintiffs' final claim, which seeks a declaration that Defendants are not legally entitled to foreclose on their property. (Compl. ¶¶ 29–36); *see Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989) ("To obtain declaratory relief in federal court, there must be an independent basis for jurisdiction."); *see also Bravo v. Argent Mortg. Co., LLC*, No. CV 09-02691 SJO (JCx), 2009 WL 1322572, at *2 (C.D. Cal. May 8, 2009) ("[F]ederal question jurisdiction exists only if the claim for declaratory relief 'arises under' federal law.") Here, Plaintiffs allege only that Defendants' attempt to foreclose on their property is wrongful because it is based on the same promissory note as a previous foreclosure, and that certain irregularities in the parties'

relationship render the attempted foreclosure illegal. (Compl. ¶¶ 29–36.) No federal question is presented by these allegations.

Therefore, Defendants have not met their burden to establish that this Court has subject matter jurisdiction over Plaintiffs' claims on the grounds of federal question jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, the Court **REMANDS** the action to the Superior Court of the State of California, County of Ventura, 800 South Victoria Avenue, Ventura, CA 93009, Case No. 56-2020-00546243-CU-OR-VTA. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

October 23, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**